

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 15, 2017**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

In re:

SCOTT ALAN ODAM,                    Case No.: 17-50035-RLJ-7

Debtor.

## MEMORANDUM OPINION

The debtor, Scott Alan Odam, appearing pro se, filed his pleading titled *Objection to Claim of Platinum Bank, Judicial Notice of Hardship and Motion for a Stay of Proceedings* ("Objection"). By the Objection, Odam opposes Platinum Bank's proof of claim and, in addition, provides "[j]udicial [n]otice" that, given his circumstance—as a pro se debtor with medical problems (unspecified)—he is unable to meet the Court's and the Trustee's deadlines, which are causing him

"undue burden and harassment." He says that he needs a stay of 30 days. He further states that his claim objection requires an adversary proceeding.

The Objection, and the matters raised by it, were set for hearing on July 26, 2017. The hearing proceeded on Odam's objection to Platinum Bank's proof of claim. The Court denied Odam's request for a stay which, in part, was needed to accommodate his request that the claim objection be converted into an adversary proceeding. The Objection was filed on June 2, 2017. Platinum Bank, through counsel, wished to go forward with the hearing on the claim objection, despite Odam's apparent lapses in complying with deadlines and other requirements. Odam did not identify his medical problem and did not appear to be impaired. He also did not identify any "deadline" that, given the bank's willingness to proceed despite Odam's circumstance, caused him (Odam) any hardship. (He indicated that he would be seeking to convert the case to a chapter 11 proceeding.) An objection to a creditor's proof of claim need not be made by an adversary proceeding unless it includes a demand of the kind of relief specified in Rule 7001. Fed. R. Bankr. P. 3007(b). Odam did not file the objection as an adversary proceeding. As explained below, the Objection did not state Odam's basis for his objection to the bank's claim. And Odam's request for a stay was unclear. Apart from delay, no purpose was served by a 30-day stay.

### I.

The District Court for the Northern District of Texas has subject matter jurisdiction over the debtor's bankruptcy case and contested matters under 28 U.S.C. § 1334. Bankruptcy cases and proceedings arising in and arising under title 11 of the United States Code have been referred to this Court under the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, adopted in this district on August 3, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II.

A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Such claims are deemed allowed unless countered with a valid objection. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017); 11 U.S.C. § 502. An objecting party must produce evidence or argument that is "of a probative force equal to that of the creditor's proof of claim" to overcome this presumption. *In re Couture Hotel Corp.*, 554 B.R. 369, 380 (Bankr. N.D. Tex. 2016) (quoting *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 552 (5th Cir. 1985)) (internal quotations omitted). If the objecting party is able to meet that burden, "the burden falls to the party that would have the burden of proof respecting the claim in a non-bankruptcy context." *In re 1701 Commerce, LLC*, 511 B.R. 812, 822 (Bankr. N.D. Tex. 2014) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21 (2000)).

### A.

Platinum Bank filed its proof of claim on April 24, 2017. The claim amount under the proof is $157,082.15; it states that it is based on loans made by the bank that are secured by multiple real estate properties under recorded deeds of trust. The loan documents—promissory notes, loan agreements, deeds of trust, modifications and extension agreements—are included as exhibits to the proof. In particular, the supporting documents include a loan agreement and three real estate lien notes executed on January 29, 2004, and signed by Scott A. Odam, doing business as Scott Properties, in the amounts $237,485.90, $201,877.94, and $99,999.86, respectively; they include four deeds of trust, three of which were executed on January 29, 2004 and one on June 30, 2009, signed by Scott A. Odam, and notarized. Further, the proof of claim includes a *Modification and Extension of Real Estate Note and Lien* (the Note) between Platinum Bank and Scott A. Odam, executed on November 6, 2015, and notarized.

There is nothing unusual or untoward about the bank's proof of claim.

**B.**

Odam's Objection does not actually state the grounds for his objection to the bank's claim. Instead, it states that his reasons for objecting are set forth in the "Notice of Private Remedy and of Agreement with Platinum Bank" and the "Unsworn Declaration Accompanying Business Records," neither of which is included with the Objection. The Court will refer to these two items as the Notice and the Declaration.

The Notice is apparently the item that Odam filed with the Court on March 15, 2017. Doc. No. 44. It consists of a single page and states that he, Odam, is giving notice that he has "come to a private settlement and final agreement with Platinum Bank." He submits that "all private communications between the parties establishing the agreement" are set forth in the "Unsworn Declaration Accompanying Business Records." The Declaration was also filed with the Court on March 15, 2017, as Doc No. 45, and with the attached documents, consists of approximately 160 pages.

The two-page Declaration is signed by Odam and purports to serve as an unsworn affidavit to prove-up the following 157 pages as his business records. The Declaration and the referenced 157 pages were offered and, without objection, admitted into evidence at the hearing. The Declaration contains unusual statements and provisions. The signature block contains Odam's signature just above his typed name (in all caps) followed with "By: Scott Odam, compelled agent/administrator and party in interest." Paragraph 7 states as follows: "[f]or the record, this cause of action is not meant to breathe life into the dissolved trust, and any filing with that appearance is only done as per the clerk's requirement and/or from a compelled agency to preserve the status quo."

The first paragraph of the Declaration states that he is the owner of 157 pages of records that are attached and that he is the *previous* custodian for "SCOTT ALAN ODAM, a dissolved trust." It further states that his name is Scott-Alan of the family of Odam and that his birth is claimed to be August 11, 1967, of which he has "no first hand actual knowledge." The attached documents, the 157 pages, are difficult to describe. Suffice it to say that they are dense, rambling, and incoherent.

By the Notice, Odam submits that he and the bank have "come to a private settlement," and that the Declaration, with its attached 157 pages, evidences such agreement. Further, as stated, he offers this "agreement" as his basis for objecting to the bank's proof of claim.

First, Platinum Bank has not entered into any agreement with Odam that resolves its claim against Odam. The Notice and Declaration, with all attached items, do not reflect an agreement between Odam and Platinum Bank. And there is no evidence otherwise of an agreement. A legally binding agreement must represent an actual agreement between the parties. By his testimony, his arguments, and the Declaration and its attached items, Odam submits that his simply having *sent* the items to the bank and the bank's alleged failure to adequately respond to certain demands, claims, or theories expressed therein, the bank has somehow waived or forgiven its claim. Such a unilateral act—sending a raft of incoherent documents (to which there is no response by the recipient)—does not create a legal defense or valid objection, much less an agreement. A review of a few of the attached items underscores this point.[1]

The first attached document consists of eighteen pages, with the first page titled "Affidavit of Citizenship, Domicile, and Tax Status." By this document, which is a form off the site http://sedm.org, Odam disavows that he is a United States citizen, that he is instead an "[e]mployee or agent of God's government on earth," and asserts that he has "[a]bandoned all aid and protection

---

[1] The Court reviewed each attached item; it is not always clear where one document ends and another begins, but in following the pagination of the documents, it appears there are twenty separate items that make-up the 157 pages.

of man-made government and became a 'stateless person'." The following pages of the document include tables and charts of various formats that purport to address citizenship and income tax status. Odam challenges the validity of the Internal Revenue Service, the Social Security Administration, and of his status as a United States citizen. The form is replete with citations to the United States Code, the Bible, and to court cases, mostly from the United States Supreme Court.

One of the attached documents is a copy of a document that appears to have been mailed to the Social Security Administration and the Internal Revenue Service; the subject line states, "Legal Notice of Resignation of Compelled Social Security Trustee and demand for Rebuttal." By this instrument, Mr. Odam purports to give "formal *lawful* request for *permanent* withdrawal from the Social Security Program." The balance of the document is replete with citations to the Code of Federal Regulations, the United States Code, and to cases from the United States Supreme Court. Page eleven of the document purports to be signed by Mr. Odam. It also contains a certificate of service consisting of two pages with a final page, which is labeled a certificate of "Request for Withdrawal of Application." This document purports (or so it appears) to be a form issued by the Social Security Administration but, like many of the other documents, is obviously not an official form issued by a governmental entity. The form asks for the name and requires the signature of the "Unlawful, Never Eligible Non-Participant and Human Being." It identifies Mr. Odam as "Scott A Odam (Not the human being, but a federal 'public office')." It states the date of application is October 3, 1967. It also states that the date of signature is August 11, 1967.

Another attached document is labelled "2nd Notice, Grievance and Compelled Agency"; it is twelve pages, of which the first eight pages are part of a November 12, 2014 letter signed by Odam that, preceding his signature, states that it "constitutes constructive notice to all parties. Once knowledgeable, now responsible, govern yourself accordingly." The last four pages purport to be an affidavit signed by Odam, with a process server's certificate of service that states that certain

documents, including the November 12, 2014 letter, were hand delivered to Jamie Gibson, Senior Vice President of Platinum Bank. The gist of Odam's letter is that given his status as a sovereign person, his having served the foregoing described documents to the bank, and the bank having failed to respond—"on a point-by-point basis"—within ten days of the letter, his debt at the bank has been extinguished. The letter refers to the "attenuation" of the debt at the bank, though his use of this term is unclear. He refers to the loan either being extinguished or attenuated, which the Court assumes means the loan amount has been (or should be?) reduced in some fashion.

In a similar vein is Odam's "3rd Notice of Fault [sic] Opportunity to Cure" that is attached; it apparently was sent to Rick Day and Jamie Gibson of Platinum Bank, by certified mail, on January 18, 2017. Page two says, "WARNING: THIS IS A BINDING CONTRACT." Directly following that statement, it states, "your failure to respond will be construed as your acceptance by silence, unconditional mutual consent and assent, and evidence of extrinsic fraud, on you and your employer." After several pages of various arguments, a heading says, "Opportunity to Cure," followed by the statement, "This is not a refusal to pay, I will allow you to correct your admitted error and give me equal protection, by one of the following . . . ." He then lists thirteen ways for Platinum Bank to cure its breach, most of which involve the bank absolving Odam from any liability on the debt and returning to him the payments he made. That section is followed by 94 "admissions" by Platinum Bank; then an "Agreement to Compensation – Damages" that states, "[a]ny failure to properly answer this notice and support your claim, shall be deemed as your acceptance to the following . . . ." The "following" includes the bank's agreement that there was no consideration for the loan; that, in fact, no loan was made; and that Odam has been damaged in the amount of $598,190.20.

Odam believes, apparently, that the bank's failure to adequately acknowledge the many demands, warnings, and proclamations of the 3rd Notice (and all the other attached documents)

7

extinguishes the bank's claim. As for the 3rd Notice, in particular, Odam submits that the legal basis for his position is found in chapter 2 of the Uniform Commercial Code, specifically UCC §§ 2-201 and 2-202. First, the ability to bind another party through an unanswered, written confirmation of contract is available only between merchants. UCC § 2-201(2); *Chisolm v. Cleveland*, 741 S.W.2d 619, 620–21 (Tex. App.—Fort Worth 1987, writ denied). Odam is not a merchant. UCC § 2-104(1). Second, chapter two of the UCC applies only to transactions in goods. UCC § 2-102. Odam's dealings with Platinum Bank do not constitute transactions in goods. UCC § 2-105(1). Instead, they are governed by the common law, through which any modification requires satisfaction of all the essential elements of a contract—namely, a meeting of the minds and new consideration. *Pointe W. Ctr., LLC v. It's Alive, Inc.*, 476 S.W.3d 141, 152 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

The balance of the attachments are of a similar vein and tenor. Odam believes that he is not an individual citizen of the United States, that, instead, he is an entity of some sort. He believes that the I.R.S. and the Social Security Administration are invalid. He believes that, concerning his loans with the bank, the notes that he signed somehow created the funds that were purportedly advanced to him, i.e., *the notes are the funds*. In short, Odam disavows and repudiates the debt evidenced by the bank's proof of claim.

### III.

Odam objected to the admission of the various loan instruments presented by the bank at the hearing on the ground that they were not properly authenticated. The bank then had Stan Gill testify that the offered documents were copies of the original documents maintained in the bank's file. Mr. Gill is a senior vice president of the bank who has been in charge of Odam's account for the past year. Gill has knowledge of instruments that are maintained in the bank's file, he is familiar with Odam's signature, and is generally knowledgeable of the Odam credit. He is qualified

to authenticate the documents that were offered and introduced into evidence. Fed. R. Evid. 901(a), (b)(1). Odam indicates some suspicion that the instruments are not copies of the original documents he signed, or that they have perhaps been altered in some fashion. Considering the testimony of Mr. Gill and of Mr. Odam, as well as Mr. Odam's arguments in support of his position, the Court is satisfied that the documents offered and admitted into evidence are true copies of the originals that, among their many provisions, include Odam's promise to repay the loans.

### IV.

Upon careful consideration of Platinum Bank's proof of claim, Odam's objection to the proof, and the evidence before the Court, including Odam's documentary evidence and his testimony, the Court finds no credible evidence that rebuts the bank's proof of claim. No agreement was reached with the bank that has the effect of resolving the debt. Odam's unilateral submission of a raft of documents, some of which contain self-serving statements that the debt has been extinguished, does not constitute a true, legal defense to the bank's claim. The contents of Odam's submissions are such that they are impossible to make a meaningful response to. The Court will issue its order denying Odam's objection to Platinum Bank's proof of claim.

### End of Memorandum Opinion ###