

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 22, 2018

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| SCOTT ALAN ODAM, § | Case No.: 17-50035-RLJ-7 |
| § | |
| Debtor. § | |

## MEMORANDUM OPINION AND ORDER

The trustee, Harvey Morton, objects to certain exemption claims made by the debtor, Scott Alan Odam, particularly Odam's claim to "Rentals" (17 houses in Lubbock, Texas), which, according to Odam, have an aggregate value of $342,479.00. Odam is a pro se debtor. Odam's Schedule C, which sets forth his exemption claims, fails to identify whether he claims the state and federal non-bankruptcy exemptions under § 522(b)(3) of the Bankruptcy Code or the federal bankruptcy exemptions under § 522(b)(2). Such choice lies with the debtor. 11 U.S.C. § 522(b)(1). Odam also claims his "Domicile" at 2119 56th Street in Lubbock, Texas as exempt. Hearing was held on November 15, 2017.[1]

---

[1] The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Page 1

I.

Texas law does not allow a person to exempt rental properties that are not part of a homestead claim. Tex. Prop. Code § 41.001, .002; *see Norra v. Harris Cty. (In re Norra)*, 421 B.R. 782, 791–92 (Bankr. S.D. Tex. 2009). Odam's exemptions, therefore, must be based on the federal exemptions allowed at § 522(d) that, as stated, may be asserted by a debtor under § 522(b)(2). The conclusions here are drawn from the amended exemptions that Odam made on July 21, 2017, which are the most recent claim of exemptions he has made in this case. It is worth noting that his prior claim of exemptions, filed on June 21, 2017, stated that he was claiming the federal exemptions under § 522(b)(2). Odam's Schedule C states that the amount of each exemption claimed is "100% of fair market value, up to any applicable statutory limit." For the Rentals, he states that Platinum Bank's lien is disputed. Platinum Bank is a secured creditor that is secured by the rental properties.

The exemptions allowed at § 522(d) include, at subsection (d)(1), the debtor's "aggregate interest, not to exceed $23,675 in value, in real property . . . that the debtor . . . uses as a residence." The only allowable exemption for the rental properties is at subsection (d)(5), which allows for the debtor's "aggregate interest in any property, not to exceed in value $1,250 plus up to $11,850 of any unused amount of the exemption provided under paragraph (1) of this subsection."

For the Rentals, Odam's exemption claim states that the "[d]isputed [l]ien to Platinum Bank" is the basis for the exemption. He apparently incorrectly believes that if the bank's lien is invalid, the properties that are subject of the liens are therefore exempt. The Court has determined that Platinum Bank holds an allowable claim in this case. Doc. No. 125.

The Court, by its order of June 5, 2017, sustained the objection of Platinum Bank to the original exemption claim made by Scott Odam. Such order, however, authorized Odam to amend his schedule of exemptions within thirty days of the date of the entry of the order and directed that

Odam state whether he was claiming exemptions under state or federal law. The exemption claims made by Odam and considered here were filed after the June 5, 2017 order.

Odam provided no evidence at the hearing of whether he has any equity in his residence or the rental properties. His Schedule D states, however, that Carrington Mortgage has a claim of $78,000.00 that is secured by his residence that, as stated, has a value of $115,000.00. The Schedule D states the rental properties secure Platinum Bank's claim of $153,153.00, which he disputes. Based on his schedules, therefore, Odam has $37,000 in equity in his residence. The trustee has not objected to his exemption for the residence. But, clearly, Odam has no "unused amount" of the exemption that he can use under § 522(d)(5) to exempt a portion of the rental properties. Such exemption is therefore limited to $1,250.00.

Odam's exemption rights under the federal exemptions go to his "*interest*, up to a dollar amount, in the particular asset described and not the asset itself." *In re Salazar*, 449 B.R. 890, 895 (Bankr. N.D. Tex. 2011) (construing *Schwab v. Reilly*, 560 U.S. 770, 782 (2010)). The chapter 7 trustee, therefore, must administer the asset—sell the asset—to realize that portion of the asset that is not subject of the debtor's exemption claim. The debtor is then paid for his interest that may not exceed the statutory limit. *Id*.

Odam's exemptions fail to identify the nature and extent of his interest in the rental properties. By an attachment to his schedules, he lists the 17 houses by address and for each he has a "Rental Gross," a "Rental Net," a "Contract Price," and a "Contract Balance." And in other proceedings in this case, the trustee and Odam have referred to his *selling* certain properties under contracts for deed.

## II.

The Court sustains the trustee's objection to Odam's exemption claim to the rentals for any amount above $1,250.00. The Court further sustains the trustee's objection to Odam's objection

claims to cash ($3,000.00) and deposits ($2,283.00) as Odam does not identify, and the Court is not aware of, any basis to exempt either cash or deposits. Odam withdrew his exemption claim to the "Backpay" exemption of $3,750,000.00.

    SO ORDERED.

### End of Memorandum Opinion and Order ###