

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 22, 2018**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| In re: § § § | |
| SCOTT ALAN ODAM, § § § | Case No.: 17-50035-RLJ-7 Civil Case No. 5:18-cv-00011-C |
| Debtor. § | Civil Case No. 5:18-cv-00013-C |

## MEMORANDUM OPINION

### (CERTIFICATION TO DISTRICT COURT)

The debtor, Scott Alan Odam, has filed his applications to proceed *in forma pauperis* (Applications) [Doc. Nos. 178, 198][1], on his appeals to the United States District Court of the following two orders of this court: (1) the order entered December 19, 2017 [Doc. No. 173] that denied Odam's request for relief in his *Notice of Payment in Full to Platinum Bank and LCAD and Requirement to Remove Both from Proceedings and if Necessary Request for a Hearing*, and (2) the order entered December 29, 2017 [Doc. No. 179] that denied Odam's request to reconsider the

---

[1] All "Doc." references herein are to the present bankruptcy case, No. 17-50035, unless otherwise noted.

Page 1

court's prior order entered August 4, 2017.[2]  Copies of the two orders are attached here as Addendums A and B, respectively.

## I.

The court considers Odam's request under 28 U.S.C. § 1915(a)(1).  *See In re Foster*, No. 12-43804-RFN-7, 2015 Bankr. LEXIS 73, at *3 (Bankr. N.D. Tex. Jan. 8, 2015) (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305 (11th Cir. 2004) for its holding that "although 28 U.S.C. § 1915 refers to 'prisoners' the statute applies to other federal litigants").[3]  Appeals may be taken without the prepayment of fees if the appellant "submits an affidavit . . . that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  To proceed *in forma pauperis*, therefore, the applicant "must show both (1) that the litigant is unable to afford the costs of the appeal fee without suffering undue hardship, and (2) that the appeal is taken in good faith and not frivolous."  *In re Foster*, 2015 Bankr. LEXIS 73, at *3 (citing cases).  This court recommends

---

[2] The referenced order, entered August 4, 2017, is an agreed order between Platinum Bank, a secured creditor in the bankruptcy case, and the chapter 7 trustee. It allows the trustee an opportunity to file a motion seeking to sell seventeen properties that secure Platinum Bank's claim in the case. If the trustee did not file a motion to sell the properties by August 31, 2017, then the stay would automatically and immediately lift as to Platinum Bank. The trustee did file a motion on September 18, 2017, and Odam amended his exemption claim to include the seventeen properties. Platinum bank agreed to the Trustee's proposed sale. The court has the trustee's motion, to which Odam objected, under advisement.

[3] Courts disagree as to whether bankruptcy courts have the authority to waive fees and costs associated with bankruptcy matters that have been scheduled by the Judicial Conference under the authority of 28 U.S.C. § 1930(b), such as the fee to appeal. *Compare United States v. Kras*, 409 U.S. 434, 440 (1973) (". . . [§] 1915(a) is *not now* available in bankruptcy.") (emphasis added), *and Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992) (holding that the bankruptcy court is not a "court of the United States" and does not have the authority to waive fees under 28 U.S.C. § 1915), *with DeLeon v. Gurda Farms, Inc. (In re Gurda Farms, Inc.)*, 10 B.R. 479, 485 (S.D.N.Y. 1980), *Shumate v. Signet Bank, NCNB (In re Shumate)*, 91 B.R. 23, 26 (Bankr. W.D. Va. 1988), *Newton v. Fontaine (In re Fontaine)*, 10 B.R. 175, 176–77 (Bankr. D.R.I. 1981), *and Palestino v. Palestino (In re Palestino)*, 4 B.R. 721, 722 (Bankr. M.D. Fla. 1980) (all holding that bankruptcy courts do have the authority to waive fees other than the fee for filing the petition). As originally codified, § 1930(a), which specifically addresses bankruptcy fees, prescribed fees for bankruptcy cases "notwithstanding section 1915 of this title." *United States v. Merritt (In re Merritt)*, 186 B.R. 924, 929 (Bankr. S.D. Ill. 1995).  This quoted language of § 1930(a) was removed, however, by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8, 119 Stat 23. Where there is a lack of guidance to grant or deny a waiver of fees associated with a debtor's appeal of an order other than denial of a fee waiver application, the court considers the request "like similar requests under 28 U.S.C. § 1915." Implementing & Evaluating the Chapter 7 Filing Fee Waiver Program: Report to the Committee on the Administration of the Bankruptcy System of the Judicial Conference of the United States at 79 (1998); *In re Merritt*, 186 B.R. at 929–30 (indicating "that such a result was contemplated by the [in forma pauperis] subcommittee appointed by the Judicial Conference").

denial of the Applications because Odam's appeals are not taken in good faith and are frivolous within the meaning of 28 U.S.C. § 1915(a)(3), (e)(2)(B)(i).  (Odam also failed to submit an affidavit in support of the Applications.)

### A.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see In re Meuli*, 162 B.R. 327, 329 (Bankr. D. Kan. 1993) ("Before permitting an appeal to be brought *in forma pauperis*, the court shall require a certification by the bankruptcy judge that the appeal is not frivolous and does present a substantial question.") (internal quotation and citation omitted).  In addition, "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).  Determining the applicant's good faith necessarily requires that the court undergo an examination of whether or not the appeal is frivolous.

"An action is frivolous if it lacks an arguable basis in either law or fact." *Thomas v. Mathenia (In re Asheru)*, No. 3:09-CV-0978-G, 2009 WL 3097719, at *1 (N.D. Tex. Sept. 25, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Viewed objectively, a request for review is made in good faith if the issue is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A claim that has no merit, is brought unnecessarily, and "vexatiously multipl[ies] the litigation" is frivolous and not brought in good faith. *In re Foster*, 2015 Bankr. LEXIS 73, at *7–8. *See also Prince v. Chow (In re Prince)*, No. 09-43627, 2016 Bankr. LEXIS 2702, at *10 (Bankr. E.D. Tex. May 6, 2016).

### B.

As stated, the two appeals by Odam that have triggered the requests here concern, first, the bankruptcy court's order issued on December 19, 2017, and, second, the court's order issued on December 29, 2017.  By the December 19 order, the court determined that Odam had submitted two

bogus checks in the aggregate amount of $222,191.00 to the chapter 7 trustee as a way to pay off Platinum Bank. Platinum Bank holds an allowed claim secured by seventeen rental properties that Odam had an interest in at the time he filed this chapter 7 case. The properties are property of the bankruptcy estate and thus subject to administration by the chapter 7 trustee. 11 U.S.C. §§ 541, 704. Odam's request is contained within his *Motion for Leave and Stay Pending Emergency Appeal of an Interlocutory Order, and Waiver of Fee* [Doc. No. 178]. Such motion makes numerous claims, but none address the facial invalidity of the two checks that are the subject of the court's order. The checks were not drawn on a bank or other financial institution and are supported by a nonsensical affidavit.

The second appeal and request for fee waiver is brought by Odam's *Notice of Emergency Appeal and Waiver of fee* [Doc. No. 197], which recites that it appeals from this court's December 29, 2017 order that denied Rule 60 relief from the court's prior order of August 4, 2017. The August 4 order provided that the trustee had until August 31, 2017 to file a motion to sell the seventeen properties that secured Platinum Bank's debt and, failing to do so, that the automatic stay under § 362 of the Bankruptcy Code would lift. This chapter 7 case was filed by Odam on February 6, 2017. Upon filing this chapter 7 case, the trustee was appointed and was thus charged with the duty of administering the estate's assets (the real and personal properties in which Odam had an interest at the time the case was filed). This simply means that the trustee liquidates estate assets for distribution to creditors in accordance with the priority scheme of the Bankruptcy Code. *See* 11 U.S.C. § 726. If the trustee cannot so administer an asset because, for example, there is no value in the asset that can be realized, then such asset is abandoned back to the debtor. 11 U.S.C. § 554(c). And if the abandoned asset is encumbered, it passes back to the debtor subject to the encumbrance.

Odam has never presented any evidence that challenges the validity of Platinum Bank's claim or its liens against the seventeen properties. The court has previously determined that the

Page 4

bank's claim is valid. Doc. Nos. 124, 125. (The *Notice of Emergency Appeal and Waiver of fee* also complains of this court's determination that the checks submitted by Odam are invalid.)

Odam wants the court to waive all fees associated with his appeals and, in making such request, presumably makes the claim that he is indigent while at the same time claiming that he has submitted valid checks in the amount of $222,191.00 to the trustee for payment of the bank's claims. Odam's requests are not made in good faith.

## II.

Considered generously, Odam's two appeals and applications to proceed *in forma pauperis* are a desperate attempt to stall the trustee's sale of the properties (or Platinum Bank's foreclosure of the properties). His claims, however, are frivolous and do not present substantial questions. They do not meet the good faith standard of 28 U.S.C. § 1915(a)(3).

The court hereby certifies:

(1) that Odam's requests [Doc. Nos. 178 & 198] that he be designated *in forma pauperis* should be denied;

(2) that, under 28 U.S.C. § 1915(a), Odam's appeals of the orders are not made in good faith and should be dismissed under 28 U.S.C. § 1915(e)(2).

### End of Memorandum Opinion ###

**ADDENDUM A**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 19, 2017

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT ALAN ODAM, | § | CASE NO. 17-50035-rlj7 |
| | § | |
| Debtor. | § | |

**ORDER**

On September 5, 2017, the debtor, Scott Alan Odam, proceeding on a pro se basis, filed his *Notice of Payment in Full to Platinum Bank and LCAD and Requirement to Remove Both from Proceedings and if Necessary Request for a Hearing* ("Notice") [Doc. No. 116]. Hearing on the matters raised by the Notice was held on December 13, 2017.

Odam mailed two checks to Harvey Morton, the chapter 7 trustee, in the amounts of $192,191 and $30,000 for the purpose of paying off Platinum Bank and the Lubbock County Appraisal District, respectively. Copies of the checks are attached. The checks do not identify an account on which they are drawn; they do reflect Odam's endorsement.

To establish the validity of the checks, Odam submitted what he identifies as an affidavit of "Kw: Ya'ger," who, according to the affidavit, is the "Testamentary Executor of The Supreme State of Grace, Treasurer of the United States, U.S. Administrator, and Secretary of the Treasury." A copy of the affidavit is attached. The affidavit (though it does not reflect that it was sworn to and signed before an official) states that Ya'ger delivered "to Mr. Scott Odam (a determined beneficiary) two checks made payable to Scott Odam . . . for the payment of alledged [*sic*] debts." The affidavit contains a stamp of the "State of Grace North America" and "Office of Registrar State of Grace."

The two checks do not represent a valid attempt to make payment of any debts of Scott Odam (or the bankruptcy estate); they, instead, represent Odam's intentional act of presenting a bogus instrument to satisfy valid debts of his and of this bankruptcy estate.

In addition, by letter dated September 20, 2017 [Doc. No. 129], from Odam to Rick Day at Platinum Bank, Odam demanded that the bank return the checks to him. Morton, the trustee, holds the original checks and continues to do so for the purpose of making a criminal referral regarding Odam's conduct in purposely submitting invalid instruments to him as trustee.

It is, hereby,

ORDERED that any relief requested by Odam by the Notice of September 5, 2017, including any request that the Court direct that the bank accept the bogus checks that Odam submitted to the trustee, is denied; it is further

ORDERED that any request made by Odam under his letter of September 20, 2017, that the Court direct the bank's return of the checks to him is denied.

### End of Order ###





Ed. A





## Affidavit of Truth Understanding and Intention

I, Kw:Ya'ger, as Testamentary Executor of The Supreme State of Grace, Treasurer of the United States, U.S. Administrator, and Secretary of the Treasury, do hereby state and assert that the following statements are True and a matter of Fact.

That,

1. As U.S. Administrator, I did in fact establish an account under the Authority of the United States Government (U.S. Constitution).

2. Said Account was established in Good Faith and with Honesty in Fact for the benefit of the beneficiaries named in the Trust Instrument in my possession and Custody.

3. Said Account was established for the purposes of the fulfillment of the Settlor's Will and Testament.

4. Said Account was designated as a Treasury Account of the United States and that the Routing Number 0000 0051 8 was adopted and the account number 555501510 was assigned to the account designated as a checking account.

5. Notice was delivered via electronic mail to the posted address of the United States Treasury mail box and Order given to the employees of The Department of the Treasury to clear all checks drawn upon the Account, if aforementioned checks were presented for clearing to an office or officer other than the office or officer of Account Administrator stated on the checks.

6. There are sufficient money on account in the General Accounting Ledger administered by this Office.

7. As Testamentary Executor and U.S. Administrator, I did make and deliver to Mr. Scott Odam (a determined beneficiary) two checks made payable to Scott Odam to or his Order for the payment of alledged debts.

8. Upon proper presentation to the Account Administrator, said checks shall be cleared for accreditation to the account of the presenting bank.

9. As understood, and as far as can be determined, no court or government agency has ever defined..."Money".

10. No bank or other person has presented the two checks for clearing.

11. All action taken by me in the capacities aforesaid are good and lawful.

Furthermore, if any doubt exist as to the truth and facts stated herein, such claim is estopped by Declaratory Judgment.

_Affiant_
Kw:Ya'ger - LSNA
North America
State of Grace
Acting Trustee

937-515-1540

IN GOD WE TRUST

ALWAYS



STATE OF GRACE
NORTH AMERICA





**ADDENDUM B**



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 29, 2017

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT ALAN ODAM, | § | CASE NO. 17-50035-rlj7 |
| | § | |
| | § | |
| Debtor. | § | |

## ORDER

On August 18, 2017, Scott Alan Odam, appearing pro se, filed his motion [Doc. No. 104] requesting a reconsideration of the Court's order entered August 4, 2017 and a discharge of Platinum Bank's claim. Odam makes these requests under Rule 60 of the Federal Rules of Civil Procedure as incorporated by Federal Bankruptcy Rule 9024.

The August 4, 2017 order [Doc. No. 93] is on Platinum Bank's motion for relief from stay; the chapter 7 trustee, Harvey Morton, and the bank agreed to the order. The order provides that Morton, as trustee, had until August 31, 2017, to file a motion to sell the seventeen properties that were subject of Platinum Bank's motion. And failing to file or obtain approval of such a motion causes the stay to lift as to Platinum Bank.

1

The seventeen properties are properties of this chapter 7 bankruptcy estate as they were owned by Odam (and, reportedly, leased or sold on contracts for deeds by Odam). 11 U.S.C. § 541. Odam argues that there is equity in the properties; he also says that Morton has been negligent or committed fraud by failing to perform his duties as the chapter 7 trustee, refusing to obtain original loan instruments from Platinum Bank, and failing to request a federal mediation on behalf of the bankruptcy estate. Odam further submits that he made an offer to pay the bank's loan, which was refused by the bank, and he is, as a result, discharged from any obligation to the bank.

Odam's motion presents no grounds for relief under Rule 60. There is no evidence of any mistakes, oversights, or omissions in the Court's order; there is no basis and no evidence of any grounds to justify relieving a party from the order.

The Court, by its Memorandum Opinion and accompanying Order that were issued on September 15, 2017 [Doc. Nos. 124, 125], overruled Odam's objections to Platinum Bank's proof of claim. The Memorandum Opinion sufficiently sets forth the reasons for denying Odam's objections. The Court's order of October 19, 2017 [Doc. No. 137] addresses the same complaints concerning the trustee that Odam makes again here.

The properties at issue are, as stated, properties of this bankruptcy estate. Odam has said that he attempted to pay the bank with a bag of gold and silver; and later, as the Court has noted in its order of December 19, 2017 [Doc. No. 173], Odam sent invalid checks to the trustee that he had endorsed (as payee) for payment to the bank.

It is, therefore,

ORDERED that all relief requested by Odam's motion of August 18, 2017 be, and is hereby, denied.

### End of Order ###